UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH SRIKISHUN,

                                                                      Plaintiff,    **AMENDED COMPLAINT**

                -against-

THE CITY OF YONKERS, P.O. RALPH CAROZZA,      08 Civ. 0998 (CLB)
P.O. ARTHUR LIEN, P.O. RONALD ROMANO, P.O.
JASON LAYUG, P.O. BRUCE GROSSMAN, P.O. JOHN    **JURY TRIAL DEMANDED**
TRAYNOR, and P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                                                    Defendants.

------------------------------------------------------------------------X

      Plaintiff JOSEPH SRIKISHUN, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff JOSEPH SRIKISHUN is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City of Yonkers and the State of New York.

7.  Defendant THE CITY OF YONKERS was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant THE CITY OF YONKERS maintains the Yonkers Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of Yonkers.

9.  That at all times hereinafter mentioned, the individually named defendants P.O. RALPH CAROZZA, P.O. ARTHUR LIEN, P.O. RONALD ROMANO, P.O. JASON LAYUG, P.O. BRUCE GROSSMAN, P.O. JOHN TRAYNOR, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State of New York or the City of Yonkers.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF YONKERS.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF YONKERS.

## FACTS

13. On November 5, 2006, at approximately 1:30 a.m., plaintiff JOSEPH SRIKISHUN was lawfully present in front of 942 McLean Avenue, in the City of Yonkers, in the County of Westchester, in the State of New York.

14. At aforesaid time and place, plaintiff JOSEPH SRIKISHUN was suddenly accosted by members of the Yonkers Police Department.

15. Defendant P.O. RALPH CAROZZA hit plaintiff JOSEPH SRIKISHUN in the head with his baton.

16. As a result of this unprovoked assault, plaintiff JOSEPH SRIKISHUN sustained, *inter alia*, a forehead laceration requiring seventeen stitches.

17. Defendant police officers handcuffed plaintiff JOSEPH SRIKISHUN brutally and too tightly.

18. As a result of being handcuffed brutally and too tightly, plaintiff JOSEPH SRIKISHUN sustained, *inter alia*, injuries to his wrists and right arm.

19. While plaintiff JOSEPH SRIKISHUN was in custody, defendants stole his expensive watch.

20. As a result of the foregoing, plaintiff JOSEPH SRIKISHUN sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, economic loss, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff JOSEPH SRIKISHUN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Yonkers and the Yonkers Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff JOSEPH SRIKISHUN's constitutional rights.

29.     As a result of the aforementioned conduct of defendants, plaintiff JOSEPH SRIKISHUN was subjected to excessive force and sustained severe physical injuries.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     Each and every individual defendant had an affirmative duty to intervene on plaintiff JOSEPH SRIKISHUN's behalf to prevent the violation of his constitutional rights.

32.     The individual defendants failed to intervene on plaintiff JOSEPH SRIKISHUN's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

33.     As a result of the aforementioned conduct of the individual defendants, plaintiff JOSEPH SRIKISHUN's constitutional rights were violated and he was subjected to excessive force and sustained severe physical injuries.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. The aforementioned customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department included, but were not limited to using excessive force while taking individuals into custody.

37. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct including, but not limited to, brutal attacks by Yonkers Police Department officers upon Dedan Wilson, Kenneth Fober, Ger-Shun Neely, Dara Massey, Irma Marquez, Ronald Mack, and Eric Brown.

38. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the investigation currently being conducted by the United States Department of Justice.

39. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSEPH SRIKISHUN.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSEPH SRIKISHUN as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the moving force behind the constitutional violations suffered by plaintiff JOSEPH SRIKISHUN as alleged herein.

42. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department, plaintiff JOSEPH SRIKISHUN was unlawfully subjected to excessive force.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOSEPH SRIKISHUN's constitutional rights.

44. All of the foregoing acts by defendants deprived plaintiff JOSEPH SRIKISHUN of federally protected rights, including, but not limited to, the right:

    A. Not to have excessive force imposed upon him;

    B. Not to have cruel and unusual punishment imposed upon him; and

    C. To receive equal protection under the law.

45. As a result of the foregoing, plaintiff JOSEPH SRIKISHUN is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

## PENDANT STATE CLAIMS

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. On or about January 10, 2007, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of Yonkers, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

48. The City of Yonkers has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

49. The City of Yonkers demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on January 24, 2008.

50. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

51. Plaintiff has complied with all conditions precedent to maintaining the instant action.

52. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants' aforementioned actions placed plaintiff JOSEPH SRIKISHUN in apprehension of imminent harmful and offensive bodily contact.

55. As a result of defendants' conduct, plaintiff JOSEPH SRIKISHUN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendant police officers touched plaintiff JOSEPH SRIKISHUN in a harmful and offensive manner.

58. Defendant police officers did so without privilege or consent from plaintiff JOSEPH SRIKISHUN.

59. As a result of defendants' conduct, plaintiff JOSEPH SRIKISHUN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### CONVERSION

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants seized personal property from plaintiff JOSEPH SRIKISHUN.

62. Defendants, intentionally and without authority, refused to return plaintiff JOSEPH SRIKISHUN's personal property, thereby interfering with plaintiff's right of possession.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

65. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF YONKERS.

66. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF YONKERS.

67. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff JOSEPH SRIKISHUN.

68. As a result of the aforementioned conduct, plaintiff JOSEPH SRIKISHUN suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

70. Upon information and belief, defendant City of Yonkers failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the assault on plaintiff JOSEPH SRIKISHUN.

71. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. RALPH CAROZZA, P.O. ARTHUR LIEN, P.O. RONALD ROMANO, P.O. JASON LAYUG, P.O. BRUCE GROSSMAN, P.O. JOHN TRAYNOR, and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Upon information and belief the defendant City of Yonkers failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the assault on plaintiff JOSEPH SRIKISHUN.

74. As a result of the foregoing, plaintiff JOSEPH SRIKISHUN is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to

punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

**WHEREFORE**, plaintiff JOSEPH SRIKISHUN demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.


Dated:	New York, New York
	June 9, 2008


                                            /s
        ROSE M. WEBER (RW 0515)
        225 Broadway, Suite 1607
        New York, NY 10007
        (212) 748-3355